UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RAFAEL RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:13-cv-00337 |
| v. ) | |
| ) | Collier/Lee |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM & ORDER**

Plaintiff Rafael Rivera ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court referred the matter to United States Magistrate Judge Susan Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R"). The magistrate judge filed an R&R (Court File No. 21) recommending the decision of the Commissioner be affirmed, Plaintiff's motion for judgment on the pleadings be denied (Court File No. 14), the Commissioner's motion for summary judgment be granted (Court File No. 18), and the case be dismissed. Plaintiff timely filed an objection to the R&R (Court File No. 22) and Defendant responded (Court File No. 26). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 21).

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed for disability on March 9, 2011 alleging disability as of January 8, 2011.

Plaintiff's claims were initially denied, and denied again after a hearing. The Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled because Plaintiff was capable of performing work that existed in significant numbers in the national economy. After initially denying Plaintiff's request for review, the Council set aside the denial to consider new evidence. After considering the information, the Appeals Council again denied Plaintiff's request for review. Plaintiff appealed the ALJ's decision to this court.

## II. STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's—review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994). Substantial evidence is greater than a scintilla but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Brainard*, 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, No. 90-3061, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

## III. DISCUSSION

Plaintiff objects to two aspects of the Magistrate's R&R. First, he objects to the Magistrate Judge's conclusion that the ALJ adequately discussed the Global Assessment Functioning scores ("GAF") of the treating psychiatrist. He also objects to the Magistrate Judge's approval of the ALJ's credibility finding.

### A. GAF Scores

Plaintiff argued that the SSA's administrative message entitled "Global Assessment of Functioning (GAF) Evidence in Disability Adjudication,"("AM-13066") required the ALJ to treat GAF scores as the opinion of the treating physician and accord them controlling weight where well supported and not contradicted by other evidence and that the ALJ's failure to discuss these scores violated the treating physician rule. The Magistrate Judge found that AM-13066 took effect more than a year after the ALJ issued his decision and therefore did not apply. Responding to Plaintiff's argument that AM-13066 merely stated preexisting policy, the Magistrate Judge noted that Sixth Circuit precedent did not require the ALJ to reference these scores in the decision. She thus concluded that the ALJ's decision did not violate the treating physician rule.

In his objection, Plaintiff reiterates these points. He first argues that AM-13066 was a reiteration of longstanding practice. He then argues that the failure to expressly reference the

3

GAF scores in the decision violates the treating physician rule. The Court will reject this objection because the Court agrees that the ALJ was not required to discuss GAF scores in his decision.

Plaintiff does not point to any caselaw contradicting the Magistrate's conclusion that AM-13066 was not meant to apply retroactively. The Court agrees with the Magistrate Judge that SSA rules and regulations are generally not meant to be retroactive. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006). There is nothing about AM-13066 that suggests that it should not follow that general rule. *Ladd v. Astrue*, No. 12-4553, 2014 WL 2011638, at *1 (E.D. Pa. May 16, 2014) (finding that AM-13066 did not apply retroactively).

To the extent that AM-13066 was a continuation of an existing policy, it was a policy that the Sixth Circuit had consistently found did not require the ALJ to expressly discuss GAF scores in their decisions. *See, e.g.*, *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App.'x 496, 511 (6th Cir. 2006) ("[W]e are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place."); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) (concluding that the failure to expressly reference GAF scores did not render the ALJ's decision inaccurate). The Court will thus reject the Plaintiff's objections and **ADOPT** the Magistrate Judge's recommendation on this point.

### B.  Credibility

An ALJ's credibility findings "are to be accorded great weight and deference." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [the claimant] are reasonable and supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469,

476 (6th Cir. 2003). An ALJ can assess the credibility of a claimant based on whether the claimant's testimony as to symptoms and limitations is supported by medical and other evidence. 20 C.F.R. § 404.1529(a). The ALJ cannot support an adverse credibility finding with a selective reading of the record nor can the ALJ make an adverse credibility finding as to testimony that is consistent with uncontroverted medical evidence. *King v. Heckler*, 742 F.2d 968, 974–75 (6th Cir. 1984).

Plaintiff argued before the Magistrate and continues to argue in his objection that the ALJ's decision that he was not credible was not supported by specific and clear reasons. The Court, however, agrees with the Magistrate Judge that the ALJ's finding was supported by substantial evidence and thus will reject Plaintiff's objection. While the ALJ is required to consider the regulatory factors in 20 C.F.R. § 404.1529, he is not required to discuss all of them. *See Kornecky*, 167 F. App'x at 508 (noting that "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." (alteration in original) (quoting *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir.1999))). The ALJ stated that he considered the factors. And the ALJ points to specific reasons for finding Plaintiff's testimony incredible. For example, Plaintiff had complained to the VA that he was having problems with left side weakness and with dropping things, but these claims were contradicted by EMG testing which found no evidence of motor neuropathy or motor neuron disease (SSA Tr. at 22). The ALJ then pointed out that the same month Plaintiff alleged that his disability began, he requested a return to work form with no limitations (*id*. at 22, 23). Because the ALJ's credibility determination was supported by substantial evidence, the Court will not overturn it.

5

**IV. CONCLUSION**

The Court has considered Plaintiff's objections after its complete review of the record, and has found them without merit. Accordingly, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 21). The Court will **DENY** Plaintiff's motion for judgment on the pleadings (Court File No. 14), and will **GRANT** Defendant's motion for summary judgment (Court File No. 18). The Court will **AFFIRM** the Commissioner's decision and will **DISMISS** the case.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
 s/ Debra C. Poplin